IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COREY MANLEY (07), | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

## I.   BACKGROUND

The Government's case rests on statements made by others, which are hearsay, and are irrelevant and/or immaterial to the present indictment. These statements by Mr. Manley should remain suppressed. If not suppressed or precluded, they are fruits of the poisonous tree.

Any statements which are not already suppressed are in no way relevant to Defendant COREY MANLEY's reputation for truth or falsity, or to an element of the charged offense, nor relevant to establishing intent, motive, absence or mistake or accident, identity, or common plan or scheme. Statements made between co-defendants about Mr. Manley are hearsay, irrelevant, and/or immaterial to the present indictment and do not support any element of the charged offense(s).

The government has not complied in good faith with Mr. Manley's FRCr.P

1

16 requests.

The Indictment is not evidence, and has the misleading appearance of purporting to be the law of the case. Publication to the indictment of the jury is highly prejudicial, confusing and is not evidence and should be precluded.

Evidence withheld from Defendant COREY MANLEY's requests under FRCr.P 16 is no longer relevant or material to the present indictment. Further, such evidence is prejudicial, and would mislead the jury.

Any photograph or other picture or likeness of COREY MANLEY is irrelevant, and identification of Defendant by the government witness is the best evidence.

Defendant and Co-Defendants have filed multiple motions; and, if any evidence is found to be improper or impermissible, then "fruit of the poisonous tree" should also be found improper or impermissible.

## II.    AUTHORITIES

The Government's case rests on a series of speculations and suppositions. To try this case, the following section of the Federal Rules of Evidence support Mr. Manley's <u>motions in limine</u> (emphasis added):

"**Rule 401.**   Definition of 'Relevant Evidence'

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence.'"

"**Rule 402.** Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible. Evidence which is not relevant is not admissible."

"**Rule 403.** Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger or unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**FRE 440(b)** provides:

"(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good case shown, of the general nature of any such evidence it intends to introduce at trial."

"**Rule 615.**  Exclusion of Witnesses

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present."

**FRE 801(b) and (c)** provide:

"(b) Declarant. A 'declarant' is a person who makes a statement.

(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

"**Rule 802.** Hearsay Rule:

Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."

**Rule 16(d)(2),** Federal Rules of Criminal procedure (FRCr.P) provides:

"If a party fails to comply with this rule the court may ... (c) prohibit that party from introducing the undisclosed evidence ..."

DATED: Honolulu, Hawaii, July 5, 2006.

Respectfully Submitted,

_____
STEPHEN M. SHAW
Attorney for Defendant
COREY MANLEY

5