EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS       #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT COREY MANLEY'S MOTION IN LIMINE; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE |
| VS. | ) | |
| COREY MANLEY,     (07) | ) | |
| Defendant. | ) | |
|  | ) | TRIAL: July 25, 2006<br>HEARING DATE:<br>HEARING TIME:<br>JUDGE: Honorable David Alan Ezra |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
<u>DEFENDANT COREY MANLEY'S MOTIONS IN LIMINE</u>**

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "government"), hereby opposes Defendant Cory Manley's Motions in Limine (hereinafter "Defendant's motion").

I.   **<u>OVERVIEW OF THE CASE</u>**

Defendant Corey Manley's Motion In Limine seeks the

following: (1) prohibiting the introduction of all evidence, testimonial or otherwise, or any mention by witnesses or counsel, relating to statements made by Defendant MANLEY, or attributed to Defendant MANLEY by others, (2) preclude the Indictment from being published to the jury or submitted to the jury during deliberations, (3) prohibit jury instructions from being given to jury during deliberations, on the grounds that such information is irrelevant to the above-captioned charge, is more prejudicial than probative of the material issues relevant thereto and, or is not evidence, (4) preclude reference to any conversations by co-defendants relating to Defendant MANLEY because the information, is irrelevant to the above-captioned charge, is more prejudicial than probative or the material issued relevant thereto, is not evidence, and was not produced after an FRCr.P request, (5) prohibit any photograph, or other picture or likeness of Defendant MANLEY to be shown to the jury because in court identification of Defendant MANLEY is the best evidence and any photograph or other picture is irrelevant or immaterial, (6) prohibit the introduction of evidence which is the "fruit of the poisonous tree", (7) preclude introduction or mention of prior bad acts by Defendant MANLEY, and (8) preclude introduction or mention of information not produced pursuant to FRCr.P 16.

## II. FACTUAL BACKGROUND

An Indictment of Defendant Corey Manley (hereinafter "Defendant"), along with ten (10) other co-defendants, was returned on October 8, 2003. Defendant was charged with one (1)

count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute in excess of fifty (50) grams of methamphetamine); one count of a violation Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2 - Possession with intent to distribute in excess of fifty (50) grams of methamphetamine); and one count of a violation Title 21, United States Code, Sections 843(b)(Count 7 - Unlawful use of a communications facility).

        The conspiracy period charged in Count 1 was from May 1, 2003, to and including September 30, 2003. All eleven (11) of the co-defendants were charged as being involved in the conspiracy. As stated in the "Ways and Means" section of Count 1 in the Indictment, co-defendant William Totten was the person who purchased the methamphetamine from his source in Arizona, and defendant was one of the persons who distributed the methamphetamine on the Island of Oahu for co-defendant William Totten.

        In accordance with the provisions and authority of Title 18, United States Code, § 2516, an investigation utilizing interceptions of wire communications was conducted in this case. All of the defendants indicted in this case were intercepted during that wiretap investigation.

    **III. ARGUMENT**

        The government will address the Defendant's Motions In Limine in the order in which they were raised:

        A.    Prohibiting the Introduction of All Evidence, Testimonial or Otherwise, or Any Mention by Witnesses or Counsel, Relating to Statements Made by Defendant Manley, or Attributed to Defendant

<u>Manley by Others</u>

Fed. R. Evid. 801(d)(2)(A) excludes from hearsay statements that are offered against a party which are "the party's own statement, in either an individual or a representative capacity."  In short, the government simply must lay the foundation that the statement was made by the defendant or his or her representative before it admits a statement.

Fed. R. Evid. 801(d)(2)(E) excludes from the definition of hearsay "a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy."  When the Government seeks to admit a statement of a co-conspirator into evidence against a defendant, the Government carries a two-part burden.  First, the Government must show substantial evidence of the defendant's connection to the conspiracy.  The defendant's connection to the conspiracy need only be "at least a slight connection."  <u>United States v. Paris</u>, 827 F.2d 395, 400 (9th Cir. 1987), <u>quoting</u> <u>United States v. Rabb</u>, 752 F.2d 1320, 1325 (9th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1019 (1985).

Second, the Government must show that the statement furthers the common objectives of the conspiracy or "set in motion transactions that [are] an integral part of the [conspiracy]."  <u>United States v. Paris</u>, 827 F.2d at 400, <u>quoting</u> <u>United States v. Layton</u>, 720 F.2d 548, 556 (9th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1069 (1984), <u>overruled on other grounds</u>, <u>Guam v. Ignacio</u>, 10 F.3d 608, 612 n.2 (9th Cir. 1993).

In determining whether a coconspirator's statements are admissible, the trial court is not restricted to evidence

independent of the statements sought to be admitted and may rely upon the statements themselves in determining the admissibility of the statements.  Bourjailly v. United States, 438 U.S. 171, 180-81 (1987); United States v. McGlory, 968 F.2d 309, 335 (3rd Cir. 1992); United States v. Ruiz, 987 F.2d 243, 246 (5th Cir. 1993); United States v. Hoey, 983 F.2d 890, 893 (8th Cir. 1993).

Co-conspirator statements, moreover, remain viable after the recent United States Supreme Court decision Crawford v. Washington, 124 S. Ct. 1354 (2004).

The Crawford court held that, where the government offers evidence that is "testimonial" in nature, the Confrontation Clause requires actual confrontation, i.e., cross examination, regardless of how reliable that statement may be. The Crawford court did not elucidate what it meant by testimonial, but indicated that at a minimum, it includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."  Id. at 1374.  The Crawford court also provided examples of statements which are not testimonial in nature and which do not implicate the Sixth Amendment.  Examples of non-testimonial statements include, "business records or statements in furtherance of a conspiracy." Id. at 1367.

Therefore, in this case the Government will produce law enforcement agents who took a statement from Defendant MANLEY following his arrest as well as co-defendants who talked to MANLEY during the course of this conspiracy.  Both of these types of statements made by Defendant MANLEY are admissible.

    (2)    Preclude the Indictment from Being Published to the Jury or Submitted to the Jury During Deliberations

The government has no objection.

    (3)    Prohibit Jury Instructions from Being Given to Jury During Deliberations, on the Grounds That Such Information Is Irrelevant to the Above-Captioned Charge, Is More Prejudicial than Probative of the Material Issues Relevant Thereto And, or Is Not Evidence

The government has no objection.

    (4)    Preclude Reference to Any Conversations by Co-Defendants Relating to Defendant Manley Because the Information, Is Irrelevant to the Above-Captioned Charge, Is More Prejudicial than Probative or the Material Issued Relevant Thereto, Is Not Evidence, and Was Not Produced after an FRCr.P Request

See discussion under subparagraph III.A above.  In addition, full discovery was provided to Defendant MANLEY on November 26, 2003.

    (5)    Prohibit Any Photograph, or Other Picture or Likeness of Defendant Manley to Be Shown to the Jury Because in Court Identification of Defendant Manley Is the Best Evidence and Any Photograph or Other Picture Is Irrelevant or Immaterial

Although pictures of the defendant would be admissible if proven to be relevant and accurate, the government does not intend to admit into evidence any pictures of Defendant MANLEY.

    (6)    Prohibit the Introduction of Evidence Which Is the "Fruit of the Poisonous Tree"

Although the government is aware of the "fruit of the poisonous tree" doctrine, it is unaware of the application of that doctrine to this case.  No evidence has been suppressed in this case and Defendant's motion does not discuss the applicability of that doctrine to this case.  The government

reserves the right to object to this part of Defendant's motion if this issue is subsequently raised by Defendant MANLEY in this case with sufficiently more detail.

      (7)  Preclude Introduction or Mention of Prior Bad Acts by Defendant Manley

The government has not objection.

      (8)  Preclude Introduction or Mention of Information Not Produced Pursuant to FRCr.P 16.

As previously stated, the government produced full discovery to Defendant MANLEY in this case November 26, 2003.

### III. CONCLUSION

For the aforesaid reasons, the Defendant's Motions In Limine should be denied.

DATED: Honolulu, Hawaii, July 10, 2006.

                EDWARD H. KUBO, JR.
                United States Attorney

                By /s/ Chris A. Thomas
                    CHRIS A. THOMAS
                    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the attached was served on the following via FAX delivery on <u>   July 10, 2006   </u>.

        STEVEN M. SHAW
        P.O. Box 2353
        Honolulu, Hawaii 96804

        Telephone: (808) 521-0800
        Facsimile: (808) 531-2129

        Attorney for Defendant
        COREY MANLEY

    DATED:  HONOLULU, HAWAII: <u>   July 10, 2006   </u>.

                <u>/s/ Janice Tsumoto</u>