```
                                                                        1

 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3

 4   UNITED STATES OF AMERICA,     ) CRIMINAL NO. 03-00495DAE
                                   )
 5                Plaintiff,       )
                                   )
 6         vs.                     )
                                   )
 7   (07) COREY MANLEY,            )
                                   )
 8                Defendant.       )
                                   )
 9   _____)

10                     TRANSCRIPT OF PROCEEDINGS

11         The above-entitled matter came on for hearing on

12   Monday, August 23, 2004, at 9:20 a.m., at Honolulu, Hawaii,

13

14   BEFORE:           THE HONORABLE DAVID ALAN EZRA
                       Chief United States District Judge
15
     REPORTED BY:      STEPHEN B. PLATT, RMR, CRR
16                     Official U.S. District Court Reporter

17   APPEARANCES:      CHRIS A. THOMAS, ESQ.
                       U.S. Attorney's Office
18                     300 Ala Moana Blvd., Suite 6100
                       Honolulu, Hawaii  96813
19
                                   Attorney for the Government
20

21                     STEPHEN M. SHAW, ESQ.
                       P.O. Box 2353
22                     Honolulu, Hawaii  96804

23                                 Attorney for the Defendant

24

25
```



EXHIBIT A.1

3

1  of counsel.

2         THE COURT: Do you want to state that on the record,
3  whatever it is?

4         MR. THOMAS: Yes, Your Honor.

5         I had a discussion with Mr. Shaw this morning, that
6  his client, upon his arrest, gave a statement, but it wasn't
7  very long, and it wasn't incriminating in any way. The
8  government wasn't intending to offer it as evidence at his
9  trial, except in the event of rebuttal, should Mr. Manley
10 testify.

11        THE COURT: Okay, well, let me just say something
12 here for the record:

13        We're a fairly busy court, and that means that,
14 between myself and my law clerks, it takes a considerable
15 amount of time to work these matters up. Now, I would have
16 appreciated it -- and, quite frankly, I think my law clerk
17 would have appreciated it -- if we would have known this ahead
18 of time, because my law clerk put a considerable amount of
19 effort into this, and I, of course, have to review the
20 underlying papers and go over her bench memo.

21        So, the next time, counsel, when it is clear that
22 there is essentially no motion, if this could have been
23 communicated immediately -- when was this motion first filed.

24        MR. THOMAS: Well, Your Honor, let me clarify, as
25 well: In his motion, Mr. Shaw stated a suppression of items


EXHIBIT A.2