IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF COUNSEL |
| | ) | |
| COREY MANLEY (07), | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF COUNSEL

I, STEPHEN M. SHAW, declares as follows:

1. Declarant is an attorney licensed to practice law before this Honorable Court, and has personal knowledge of the following, except where indicated.

2. Declarant is court-appointed counsel for Defendant COREY MANLEY, in the above-captioned matter.

3. Your Declarant has reviewed the records and files of the instant case, has spoken with the Defendant, and has spoken to Assistant United States Attorney Chris A. Thomas, Esq.

4. On June 26, 2006 Courtroom staff for the Honorable Magistrate Judge Barry M. Kurren called Declarant, requesting his appearance for a conference. Declarant informed the caller that he had a calendar conflict, but would make the appearance.

5. During the conference, the Court inquired why Declarant did not appear on time and sanctioned Declarant $200.00 for his failure to appear on time. A written order has not been received by Declarant.

6. While Declarant had no calendar entry, in a double backup system for this hearing, Declarant thought that by some slight chance the hearing date had not been calendared.

7. Before he was sanctioned, Declarant advised the Court that there were multiple parties and numerous continuances.

8. The Court will note that the Government filed a motion to declare this case as complex on 11-13-2003.

9. After the sanction order, Declarant scoured his files and calendars for any notice, or even a note, or fax, regarding the 6-26-06 date for the conference. Since there was <u>nothing</u> in counsel's records to convey notice, declarant took additional steps to find out how, and when, notice of the conference was given.

10. On 6-29-06, Declarant searched the Court files in this case to try to find a copy of any notice that had been given to him of the pretrial conference of June 26, 2006.

11. The most recent order Continuing Trial and To Exclude Time was filed 9-22-05. The date for the final pretrial conference thereon was 1-9-06, before Magistrate Judge Leslie E. Kobayashi. A minute Order filed 9-6-05 at 4:30 p.m.

reflects the same agreed date. Upon further search of these files, Declarant <u>could not find</u> a notice for a 6-26-06 scheduling conference.

12. As counsel represented to this Court, there had been many postponements in this multiple defendant case. The Court files contain numerous orders and minutes moving the pretrial conferences.

13. On 6-30-06, declarant called U.S. attorney, Chris Thomas, Esq., to see if he had any notice which would indicate notice was sent for the 6-26-06 conference. Mr. Thomas said be would check his records. As of this date, Mr. Thomas has provided no copy of any document containing notice of the scheduling conference of 6-26-06. Given the foregoing lack of document the Court misapprehended that Declarant had notice of the conference. Dclarant should not be sanctioned.

14. Unless counsel overlooked something in his search on 6-29-06, of this Court's file, or a document had not reached the file, there was simply no adequate notice; nor has the AUSA provided notice. To find notice would be a manifest error of fact or law. LR 60.1(c).

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, July 18, 2006.

_____
STEPHEN M. SHAW
Attorney for Defendant
COREY MANLEY