IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| COREY MANLEY (07), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

A.   **The Indictment**

The indictment is over three (3) years old. It was filed on **10-8-03** and is based upon a time period between **5-1-03** and **9-30-03**. The Indictment, at pages 2, 4 and 7, alleges that Corey Manley distributed methamphetamine (id page 2), discussed buying methamphetamine on the phone (id 5, 7) and possessed, with intent to distribute, 50 grams or more of methamphetamine. Id 5.

B.   **Government Discovery Abuse And Brady Violations**

The month following the indictment, the government moved to have the case designated complex (**11-13-03**). Nearly three years later, on **7-10-06,** in its opposition to Mr. Manley's in limine motions (I.L.Opp.), at page 5, the government stated it "will produce ... co-defendants who talked to MANLEY

1

during the course of this conspiracy."

Additionally, during discussions with the government, as the declaration of counsel shows, (1) no informant testimony will be used; and (2), the government intends to introduce evidence of statements allegedly made by Mr. Manley or references made to him through other witnesses including co-defendants.

On **July 1, 2004,** at page 4 of its opposition to Mr. Manley's motion to sever, the government admitted "the evidence against Defendant is straightforward and consists of intercepted telephone conversations in which Defendant is a party to the conversation and testimony from his co-defendant William Totten." If the indictment is not dismissed, then the government should be confined to this representation, of **7-1-04**. Besides preventing the government from blowing hot and cold, to the prejudice of the defense case preparation, limiting the government to its **7-1-04** evidence is fair; but far less fair than dismissal.

Nearly eight months before the foregoing admission, the government was asked to produce documents and tangible objects regarding "(a)ny incidents pointed to by the Government wherein defendant is mentioned 'by others' in wiretaps … and may be intended for use by the government as evidence in chief at trial." See "Corey Manley's First Request For Discovery From The Government" filed **11-3-03**.

Nearly 2½ years later, the government represented to this Court "full

2

discovery was provided to Defendant Manley on **November 26, 2003**" Government's Memorandum In Opposition To Defendant Corey Manley's Motion In Limine ..." filed **7-10-06.**

Following up on this claim of "full" discovery, counsel sent a written request on **7-4-06,** for "any wiretap information wherein others mentioned Mr. Manley." See Exhibit "A". The government failed to respond or to produce this information as requested by fax and mail.

C.   **Argument**

Rule 16(a)(1)(E)(i) requires the government to produce any document, including transcripts, which is material to the defense. The government produced statements allegedly made by defendant at the time of his arrest, but these were the subject of a suppression motion wherein the government conceded, claiming it would not use alleged statements to the government, in exchange for the withdrawal of that motion.

The defense is informed that other items exist within the reach of FRCr.Proc 16(a)(1)(E)(i), which should have been produced years ago, but which were deliberately withheld. While the government believes these documents to contain statements by alleged co-defendants referring somehow to Mr. Manley, the only reasonable inference to be drawn from the concealment of any such documents or transcripts referring to Mr. Manley, is that they contain exculpatory information, or

3

impeachment material.

Mr. Manley was not required to extract this information. The prosecutor breached his duty to produce the information without a request. United States v. Bagley, 473 U.S. 667, 676, 683, 105 S.Ct. 3375 (1985) (disavowing distinctions in United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2393 (1976)); U.S. v. Bianco, 392 F.3d 382, 397 (9th Cir. 2004).

Hearsay statements by co-conspirators are material to the defense to conspiracy, as well as to the right to cross-examine the witnesses providing the statements. The refusal to produce these items violates rule 16 as well as the due process clause of the 5th Amdt U.S. CONST. Brady v. Maryland, 373 U.S. 83, 87 83 S.Ct 1194 (1963); Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763 (1972).

Dismissal of the indictment is the appropriate sanction. Mr. Manley has made four requests for discovery (on 11-3-03, 11-16-03, 12-8-03 and 7-4-06 (following up on the government's partial disclosure). Despite these clear demands, the government was required without a request, to provide the Brady exculpatory/impeachment material containing co-defendants' references to Mr. Manley. Id 373 U.S. at 87. The concealment, in the face of persistent reminders, was extreme or shocking conduct, requiring dismissal. U.S. v. Blanco, 392 F.3d 382, 395 (9th Cir. 2004).

DATED: Honolulu, Hawaii, December 26, 2006.

Respectfully Submitted,

_____
STEPHEN M. SHAW
Attorney for Defendant
COREY MANLEY