EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS       #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
|---|---|---|
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT |
| VS. | ) | COREY MANLEY'S MOTION TO |
| | ) | DISMISS WITH PREJUDICE OR FOR |
| COREY MANLEY,        (07) | ) | EVIDENTIARY SANCTIONS AND TO |
| | ) | COMPEL DISCLOSURE; |
| Defendant. | ) | DECLARATION OF COUNSEL; |
| | ) | EXHIBIT "A"; CERTIFICATE OF |
| | ) | SERVICE |
| | ) | |
| | ) | TRIAL:   April 17, 2007 |
| | ) | HEARING DATE: March 12, 2007 |
| | ) | HEARING TIME: 9:00 a.m. |
| | ) | JUDGE: Honorable David Alan |
| | ) | Ezra |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT COREY MANLEY'S MOTION TO DISMISS
WITH PREJUDICE OR FOR EVIDENTIARY SANCTIONS
AND TO COMPEL DISCLOSURE**

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "government"), hereby opposes Defendant Cory Manley's Motion to Dismiss with Prejudice or for Evidentiary Sanctions and to Compel

Disclosure (hereinafter "Defendant's motion").

## I. OVERVIEW OF THE CASE

Defendant's motion seeks to obtain: 1) any incidents wherein defendant is mentioned "by others" in wiretaps...and may be intended for use by the government as evidence in chief at trial; 2) and exculpatory evidence.

## II. FACTUAL BACKGROUND

An Indictment of Defendant Corey Manley (hereinafter "Defendant"), along with ten (10) other co-defendants, was returned on October 8, 2003. Defendant was charged with one (1) count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute in excess of fifty (50) grams of methamphetamine); one count of a violation Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2 - Possession with intent to distribute in excess of fifty (50) grams of methamphetamine); and one count of a violation Title 21, United States Code, Sections 843(b)(Count 7 - Unlawful use of a communications facility).

The conspiracy period charged in Count 1 was from May 1, 2003, to and including September 30, 2003. All eleven (11) of the co-defendants were charged as being involved in the conspiracy. As stated in the "Ways and Means" section of Count 1 in the Indictment, co-defendant William Totten was the person who purchased the methamphetamine from his source in Arizona, and defendant was one of the persons who distributed the methamphetamine on the Island of Oahu for co-defendant William

Totten.

In accordance with the provisions and authority of Title 18, United States Code, § 2516, an investigation utilizing interceptions of wire communications was conducted in this case. All of the defendants indicted in this case were intercepted during that wiretap investigation.

### III. **ARGUMENT**

The government produced full discovery to Defendant MANLEY in this case on November 26, 2003. See Exhibit "A" which is attached hereto.

The government is not in possession of the material that Defendant is requesting: "any incidents wherein defendant is mentioned 'by others' in wiretaps...and may be intended for use by the government as evidence in chief at trial. As previously represented by the government in prior pleadings and in court hearings, the evidence in its case-in-chief consists of intercepted telephone conversations in which Defendant is a party to the conversation and testimony of his co-conspirator William Totten. The government cannot produce something that does not exist.

Co-defendant William Totten has been debriefed and his statements have been recorded, however, Defendant is not entitled to that information until the appropriate time in accordance with Title 18 U.S.C. § 3500. In addition, there is no exculpatory evidence and therefore there is no Brady material to produce as well.

Fed. R. Evid. 801(d)(2)(A) excludes from hearsay statements that are offered against a party which are "the party's own statement, in either an individual or a representative capacity." In short, the government simply must lay the foundation that the statement was made by the defendant or his or her representative before it admits a statement.

Fed. R. Evid. 801(d)(2)(E) excludes from the definition of hearsay "a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy." When the Government seeks to admit a statement of a co-conspirator into evidence against a defendant, the Government carries a two-part burden. First, the Government must show substantial evidence of the defendant's connection to the conspiracy. The defendant's connection to the conspiracy need only be "at least a slight connection." United States v. Paris, 827 F.2d 395, 400 (9th Cir. 1987), quoting United States v. Rabb, 752 F.2d 1320, 1325 (9th Cir. 1984), cert. denied, 471 U.S. 1019 (1985).

Second, the Government must show that the statement furthers the common objectives of the conspiracy or "set in motion transactions that [are] an integral part of the [conspiracy]." United States v. Paris, 827 F.2d at 400, quoting United States v. Layton, 720 F.2d 548, 556 (9th Cir. 1983), cert. denied, 465 U.S. 1069 (1984), overruled on other grounds, Guam v. Ignacio, 10 F.3d 608, 612 n.2 (9th Cir. 1993).

In determining whether a coconspirator's statements are admissible, the trial court is not restricted to evidence

independent of the statements sought to be admitted and may rely upon the statements themselves in determining the admissibility of the statements. Bourjailly v. United States, 438 U.S. 171, 180-81 (1987); United States v. McGlory, 968 F.2d 309, 335 (3rd Cir. 1992); United States v. Ruiz, 987 F.2d 243, 246 (5th Cir. 1993); United States v. Hoey, 983 F.2d 890, 893 (8th Cir. 1993).

Co-conspirator statements, moreover, remain viable after the recent United States Supreme Court decision Crawford v. Washington, 124 S. Ct. 1354 (2004).

The Crawford court held that, where the government offers evidence that is "testimonial" in nature, the Confrontation Clause requires actual confrontation, i.e., cross examination, regardless of how reliable that statement may be. The Crawford court did not elucidate what it meant by testimonial, but indicated that at a minimum, it includes "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 1374. The Crawford court also provided examples of statements which are not testimonial in nature and which do not implicate the Sixth Amendment. Examples of non-testimonial statements include, "business records or statements in furtherance of a conspiracy." Id. at 1367.

Therefore, in this case the Government will produce co-defendants who talked to MANLEY during the course of this conspiracy. This type of statement made by Defendant MANLEY are admissible.

### III. **CONCLUSION**

For the aforesaid reasons, the Defendant's Motions In Limine should be denied.

DATED:  Honolulu, Hawaii, March 9, 2007.

                EDWARD H. KUBO, JR.
                United States Attorney


By /s/ Chris A. Thomas
   CHRIS A. THOMAS
   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the attached was served on the following via FAX delivery on <u>  March 9, 2007  </u>.

    STEVEN M. SHAW
    P.O. Box 2353
    Honolulu, Hawaii 96804

    Telephone: (808) 521-0800
    Facsimile: (808) 531-2129

    Attorney for Defendant
    COREY MANLEY

  DATED:   HONOLULU, HAWAII: <u>  March 9, 2007  </u>.

             <u>/s/ Janice Tsumoto   </u>