ORIGINAL

STEPHEN M. SHAW  4336
P.O. Box 2353
Honolulu, Hawaii  96804
Tel: (808) 521-0800

Attorney for Defendant
COREY MANLEY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 6 2007

at __1__ o'clock and __05__ min. __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
|---|---|---|
| Plaintiff, | ) | |
| | ) | COUNT 1: |
| | ) | CONSPIRARY. 21USC§841(A)(1); |
| vs. | ) | §846 (b)(1)(A) |
| | ) | |
| | ) | COUNT 2: |
| COREY MANLEY (07), | ) | POSSESSION OF |
| | ) | METHAMPHETAMINE |
| Defendant. | ) | WITH INTENT TO DISTRIBUTE; |
| | ) | 21USC §841(a)(1); |
| | ) | §841(b)(1)(A); 18 USC§2 |
| | ) | |
| | ) | COUNT 7: |
| | ) | COMMUNICATION FACILITY TO |
| | ) | COMMIT FELONY. 21USC§843(b); |
| | ) | 21USC§8. |
| | ) | |
| | ) | REPLY BY DEFENDANT COREY |
| | ) | MANLEY TO GOVERNMENT'S |
| | ) | MEMORANDUM TO DEFENDANT |
| | ) | COREY MANLEY'S |
| | ) | MOTION TO DISMISS WITH |
| | ) | PREJUDICE OR FOR |
| | ) | EVIDENTIARY SANCTIONS AND |
| | ) | TO COMPEL DISCLOSURE; |
| | ) | DECLARATION OF COUNSEL; |
| | ) | EXHIBITS "B" and "C"; |

|   |   |
|---|---|
| ) | CERTIFICATE OF SERVICE |
| ) | |
| ) | Hearing Date:  3/21/07 |
| ) | Hearing Time:  9:00 a.m. |
| ) | Trial:  4/17/07 |
| ) | Judge: The Honorable David A. Ezra |

REPLY BY DEFENDANT COREY MANLEY TO GOVERNMENT'S MEMORANDUM TO DEFENDANT COREY MANLEY'S MOTION TO DISMISS WITH PREJUDICE OR FOR EVIDENTIARY SANCTIONS AND TO COMPEL DISCLOSURE

**REPLY**

### A.  Government Conduct Sufficiently Outrageous To Dismiss This Indictment With Prejudice

The government's opposition (opp. mem) at 3¶1, asserts that all the defendants here were intercepted during a wiretap investigation. Further, the government claims there are intercepted conversations in which Mr. Manley is a party to the conversation(s). opp. mem 3¶3. In dramatic contrast to the government's "Overview of The Case" (opp mem 2¶I), Mr. Manley's notice stated:

> "In the event the case is not dismissed, Mr. Manley requests that this Court order the government to produce items or documents <u>wherein Mr. Manley is</u> mentioned or <u>identified in any wiretap</u>." Emphasis added.

The alleged intercepted conversation where Mr. Manley is a party thereto would necessarily be identified, in part, to him. In order to deliberately continue to

1

avoid producing these alleged conversations, the government wrongly pigeonholed Mr. Manley's motion.

At the time the government filed its opposition, without the barest attempt to produce the wiretaps, it was intimately aware of those matters in **exhibit "B"** hereto, as well as the implicit invitation to produce related materials in its opposition.

The government's withholding of these materials <u>for years</u>, and its avoidance of reference thereto in its opposition (given its supposed knowledge of the items going back to 11-25-03 [**B.4** ¶no.10]), all require dismissal. At the time the government filed this opposition, it knew that another request for wiretaps about Mr. Manley had been made as late as December 27, 2006. **Ex B.2** (FBI agent Arias replaced agent Brady) and **B.4** ¶no.10.

This reasonable request was totally ignored by the FBI <u>and</u> the government attorneys. Again, on 1-8-07 the government attorneys were reminded about the outstanding request in open court, and by fax and letter. **Ex. B.1**. Again the government stonewalled and refused to respond to the 1-8-07 letter. **Ex. B.1.**

### B. <u>Government Concessions, Relied On By Defendant, Require Dismissal</u>

As the declaration hereto shows, Mr. Manley withdraw his motion to suppress because the government represented it would not use a statement Mr.

2

Manley gave. **Ex. C.5**. Since the statement refers to other statements, those too, were within the government's concession (**Ex. C.2¶2**) or derivative. The statements and its internally referenced statements are suppressed.

DATED: Honolulu, Hawaii, March 16, 2007.

_____
STEPHEN M. SHAW
Attorney for Defendant
COREY MANLEY

3