IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-07 DAE |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | DECLARATION OF COUNSEL |
| COREY MANLEY (07), | ) | |
| Defendant. | ) | |

## DECLARATION OF COUNSEL

STEPHEN M. SHAW, declare as follows:

1. Declarant is an attorney duly licensed to practice law before this Honorable Court, and has personal knowledge of the following except where indicated.

2. Declarant is court-appointed counsel for Defendant COREY MANLEY, in the above-captioned matter.

3. Your Declarant has reviewed the records and files of the instant case, has spoken with the Defendant, and has spoken to Assistant United States Attorney Chris A. Thomas, Esq.

4. In its opposition filed 3-9-07, the government did not dispute, and tacitly admitted, the following statement from the present motion (MTN) at 3¶3:

1

"The government produced statements allegedly made by defendant at the time of his arrest, but these were the subject of a suppression motion wherein the government conceded, claiming it would not use alleged statements to the government, in exchange for the withdrawal of that motion."

5. The government's concession (above) that it would not use the alleged statement(s) also reached the fruits of the suppressed written statement ("**C.2**") at paragraph 2. A true and correct copy of excerpts from the transcript of the suppression hearing are attached at **Ex C.1 – C.5**. Even the other statements in the wiretaps or other witnesses' hearsay (**Ex C.2¶2**), are all inadmissible due to the government's representations which triggered the withdrawal of Mr. Manley's motion to suppress. **Ex. C.4.**

6. Based upon the foregoing, counsel is informed and believes that the government has deliberately concealed evidence to prejudice the preparation for his defense and follow up investigation. This was done in an extreme and shocking manner, after repeated reminders. The effect of this blatant violation of discovery rules and the Court's standing order has been to deprive Mr. Manley of his right to an adequate defense; and particularly, the right to investigate and to timely prepare for adequate impeachment of the government's witnesses.

7. The government produced some discovery on **11-26-03 (Ex B.3, B.4)**,

2

but when pinned down, the government stonewalled and misled this Court in its opposition. See **B.1, B.2.** The government refused to respond to the request which would have closed crucial gaps left in its partial production. **B.4¶10.** A correct copy of these requests to the government is attached hereto, marked **Exhibit "B.1 – B.5"** and made a part of hereof.

8. Dismissal is the only appropriate remedy because the government has agreed not to use statements it obtained from Mr. Manley, **(Ex C.4, C.5),** the statements referenced therein cannot be used **(C.2¶2),** and there has been nothing else produced by the government supporting its assertion that an individual in any wiretap was identified as Mr. Manley.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, March 16, 2007.

_____
STEPHEN M. SHAW
Attorney for Defendant
COREY MANLEY

3