ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 2 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00139    DAE |
| | ) | CR. NO. 03-00495-07 DAE |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | |
| | ) | |
| COREY MANLEY,       (07) | ) | DATE: March 22, 2007 |
| | ) | TIME: 2:30 p.m. |
| Defendant. | ) | JUDGE: Honorable Kevin S.C. Chang |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, COREY MANLEY (hereinafter "Defendant"), and his attorney, Stephen M. Shaw, Esq., have agreed upon the following:

1.  Defendant acknowledges that he is charged in an Information with one (1) count of a violation of Title 21, United States Code, Section 844(a)(Possession of methamphetamine). Defendant also acknowledges that he is charged in an Indictment with a violation of Title 21, United States Code, Sections 841(a)(1), 846 and 843(b).

    A.  Defendant is aware that he has a right to have this misdemeanor charge asserted against him by way of Grand Jury Indictment. Defendant hereby waives (gives up) this right and consents that this charge may be asserted against him by way of Information rather than Indictment.

2.  Defendant has read the charges against him contained in the Information and the Indictment, and the charges have been fully explained to him by his attorney. In making his decision to plead guilty to the Information, Defendant has had ample opportunity to consult with his undersigned defense attorney, and Defendant is satisfied with the legal advice and representation of his defense attorney.

3.  Defendant fully understands the nature and elements of the crime with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to the count contained within the Information. The Government agrees to move to dismiss Counts 1, 2 and 7 contained in the

Indictment as to Defendant in this case, after the sentencing of Defendant.

    5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

    6.    Defendant enters this guilty plea because he is in fact guilty of possessing methamphetamine. Defendant further agrees that his guilty plea to the Information is voluntary and not the result of force or threats.

    7.    Defendant understands that the penalties for the offense to which he is pleading guilty are as follows:

    a.    A term of imprisonment of not more than one year;

    b.    A fine of a minimum of $1,000.00 and a maximum of $100,000.00;

    c.    A term of supervised release of not more than one year; and

    d.    A $25.00 special assessment.[1] Defendant agrees to pay the $25.00 for the count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that

---

[1] The $25 special assessment is mandatory pursuant to Title 18 U.S.C. §3013.

3

failure to make such full advance payment of $25.00 in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

During the period from on or about September 19, 2003, to and including September 20, 2003, Defendant Corey Manley (hereinafter "Defendant") did possess not more than one (1) ounce (32 grams) of methamphetamine that he received from co-defendant William Totten.

9.  Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

In addition, pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation

office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

10. The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). However, in exchange for the concessions made by the prosecution in this agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence imposed by the court, including any order of restitution, fine or forfeiture, and the manner in which that sentence was determined. The only exceptions to this complete waiver are that defendant retains the right to appeal: (1) any sentence that exceeds the maximum punishment permitted under law; (2) if the Court imposes a sentence greater than specified in the guideline range to be applicable to defendant, defendant retains the right to appeal the portion of his sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant; and (3) the sentence is disproportionate.

a. The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, subject only to the exception that the defendant may make such a challenge based on a claim of ineffective assistance of counsel.

   b. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  11. The defendant understands that the District Court in imposing sentence will not be bound by the provisions of the Sentencing Guidelines and that the Sentencing Guidelines are advisory. Subject to the exceptions noted in the previous paragraph, the defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the defendant perceives to be an incorrect application of the Guidelines. The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  12. The defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Indictment adequately reflect the seriousness of the

actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

  13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

  a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

  b. If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

    e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    f. The defendant understands that he has a right to a jury determination, beyond a reasonable doubt, of the drug type and as alleged in the Information and that by pleading guilty he is giving up that right.

   14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph, including the right to have a jury or judge determine that the prosecution had proven all the material elements of each

charge beyond a reasonable doubt. Defendant's attorney has explained those rights to him and the consequences of the waiver of those rights.

15.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

16.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

18.  In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement,

the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. ~~Defendant~~ c~~understands~~ that this does not bar the use of information and in ~~evidence~~ derived from said statements ~~or prohibit the use of the statements by the prosecution in cross-examination or rebuttal~~. cm sw

DATED: Honolulu, Hawaii, _____.

AGREED:

_____        _____
EDWARD H. KUBO, JR.                 COREY MANLEY
United States Attorney              Defendant
District of Hawaii

_____        _____
FLORENCE T. NAKAKUNI                STEPHEN M. SHAW
Chief, Narcotics Section            Attorney for Defendant

_____
CHRIS A. THOMAS
Assistant U.S. Attorney

USA v. Corey Manley
Memo of Plea Agreement
Cr. No. 07-00139    DAE
Cr. No. 03-00495-07 DAE